Slip Op. 09 - 43

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| FORMER EMPLOYEES OF HONEYWELL INTERNATIONAL, INC. | |
| Plaintiffs, | **Before: MUSGRAVE, Senior Judge** |
| v. | Court No. 08-00315 |
| UNITED STATES DEPARTMENT OF LABOR | |
| Defendant. | |

**OPINION**

[Secretary of Labor's negative eligibility determination for trade adjustment assistance sustained.]

Dated:  May 14, 2009

*Goldstein Gragel LLC* (*Joyce Goldstein* and *Gina Fraternali*), for the plaintiffs.

*Michael F. Hertz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M.. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Antonia R. Soares*); Office of the Solicitor, U.S. Department of Labor, of counsel (*Jonathan Hammer*), for the defendant.

MUSGRAVE, Senior Judge:  Plaintiffs are several hundred former employees of the Aerospace Division of Honeywell International, Inc. ("Honeywell Aerospace").  Invoking jurisdiction here pursuant to 19 U.S.C. § 2395 and 28 U.S.C. § 1581(d)(1), they challenge the denial of their Petition for Trade Adjustment Assistance ("TAA") and Alternative Trade Adjustment Assistance ("ATAA") by the director of the Division of Trade Adjustment Assistance, Employment and Training Administration, U.S. Department of Labor ("Labor").  *See Honeywell Aerospace,*

Court No. 08-00315 Page 2

*Defense & Space Division Teterboro NJ: Notice of Negative Determination on Reconsideration*, 73 Fed. Reg. 42372 (July 21, 2008); *see also* 19 U.S.C. §§ 2272(a), 2273, 2318.[1]

A decision by Labor to deny certification of eligibility for trade assistance benefits must be sustained if it is in accordance with law and supported by substantial evidence in the administrative record. *See* 19 U.S.C. § 2395(b). *See, e.g.*, *Former Employees of Kleinerts, Inc. v. Herman*, 23 CIT 647, 650, 74 F. Supp. 2d 1280, 1284 (1999). This court has examined the pleadings and administrative record and concludes that the plaintiffs contention essentially resolves to whether Labor's confirmation, with the contact person for Honeywell Aerospace, and with the local Defense Contract Management Agency Team Leader, that Honeywell's production at the Teterboro facility, where the employees had been employed, is subject to the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120.1-130.17 (which require, pursuant to 22 U.S.C. § 2778, *inter alia*,

---

[1] Worker eligibility for TAA benefits is governed by section 222 of the Trade Act of 1974, as amended, 19 U.S.C. § 2272. In general, to be eligible for TAA benefits the Secretary must find a "significant number" of layoffs from the workers' firm or "appropriate subdivision" and either an absolute decrease in sales or production (or both) due to imports of articles that "contributed importantly" to the layoffs or decline in sales or production and that are directly competitive with the articles produced by the workers' firm, or a shift in production from the workers' firm to countries outside the United States (and, in the case of countries not covered by a free trade agreement or certain other Acts, there has been or is likely to be an increase in imports of articles that are like or directly competitive with articles which are or were produced by the workers' firm or subdivision). 19 U.S.C. § 2272(a). In addition to TAA, older workers for whom retraining may not be appropriate may be eligible for ATAA, a separate program subsidizing the wages of those who quickly obtain re-employment at a lower wage than what they previously earned. *See* 19 U.S.C. § 2318; *see also* U.S. Gov. Accountability Office, *TAA: Most Workers in Five Layoffs Received Services, But Better Outreach Needed on New Benefits*, GAO-06-43, Jan. 2006, at 9. ATAA is conditional upon certification for TAA, and in determining whether to grant group certification under the ATAA, Labor considers three criteria: (1) whether a significant number of workers in the workers' firm are 50 years of age or older, (2) whether the workers in the workers' firm possess skills that are not easily transferable, and (3) the competitive conditions within the workers' industry. 19 U.S.C. § 2318(a)(3)(A)(ii).

domestic production and nonimportation in the absence of a license of defense articles on the United States Munitions List, 22 U.S.C. § 2778(a)(1); *see* CR at 27, 29, & PR at 49-52) as well as Honeywell Aerospace's statements regarding its reasons for closure of the Teterboro facility and transfer of its production to other domestic facilities and not overseas, constitute adequate investigation and amount to substantial evidence on the record to support finding that production at Teterboro was not shifted abroad or that the plaintiffs' work was not impacted by imports. The court concludes that it does, and that substantial evidence of record supports those findings. *See, e.g.*, CR at 14, 18, 21-22, 27, 29, 35, 37, 55, 78-79. *See also Hewlett-Packard Co. v. United States,* 17 CIT 980, 986 (1993) ("[r]elevant case law has consistently held that the TAA statute does not apply when a company closes because economic factors make continued operations impractical rather than due to direct import competition"). Further, imports of like product are proscribed by ITAR regulation and law, and there is nothing in the record from which to infer imports in contravention thereof.

The brevity of this opinion does not reflect the commendable briefing of the parties, but in light of the foregoing, the court must consider the plaintiffs' other contentions as without merit. *See Chen v. Chao*, 32 CIT ___, ___, 587 F. Supp. 2d 1292, 1296 (2008) (recognizing that investigation into other criteria of section 2272(a)(2)(A) unnecessary if adequate investigation shows one criterion lacking). Because the record supports Labor's finding that an essential criterion for TAA eligibility is lacking, Labor's negative determination must be sustained.

Dated: May 14, 2009                              /s/ R. Kenton Musgrave
      New York, New York                              R. KENTON MUSGRAVE, Senior Judge

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |   |
|---|---|---|
| FORMER EMPLOYEES OF HONEYWELL INTERNATIONAL, INC. | : : : : | |
| Plaintiffs, | : : | **Before: MUSGRAVE, Senior Judge** |
| v. | : : | Court No. 08-00315 |
| UNITED STATES DEPARTMENT OF LABOR | : : : : | |
| Defendant. | : : | |

## JUDGMENT

This matter having been submitted for decision, and the Court, after due deliberation, having rendered a decision therein; now, in conformity with that decision, it is

ORDERED, ADJUDGED AND DECREED that the denial of certification by the defendant in *Honeywell Aerospace, Defense & Space Division: Notice of Negative Determination on Reconsideration*, 73 Fed. Reg. 42372 (July 21, 2008) be, and it hereby is, sustained.

                                            /s/ R. Kenton Musgrave
                                        R. KENTON MUSGRAVE, Senior Judge

Dated: May 14, 2009
      New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                        Deputy Clerk